IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA HERBERT WESTOVER, ) | |
| ) | Civil Action No. 18 – 1328 |
| Petitioner, ) | |
| ) | |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| MARK CAPOZZA and THE ) | |
| ATTORNEY GENERAL OF THE ) | |
| STATE OF PENNSYLVANIA, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM OPINION[1]**

Currently pending before the Court is a Petition for Writ of Habeas Corpus ("Petition") filed by Petitioner Joshua Herbert Westover ("Petitioner") pursuant to 28 U.S.C. § 2254. (ECF No. 10). Petitioner challenges his judgment of sentence out of Jefferson County, which was imposed after he pled guilty to two counts of Indecent Assault under 18 Pa. C.S.A. § 3126(a)(7) and two counts of Corruption of Minors under 18 Pa. C.S.A. § 6301(a)(1). For the following reasons, the Petition will be dismissed and a certificate of appealability will be denied.

A.   **Procedural Background**

On August 10, 2010, Petitioner was charged by criminal complaint with one count each of Aggravated Indecent Assault under 18 Pa. C.S.A. § 3125(b) and Aggravated Indecent Assault under Pa. C.S.A. § 3125(a)(7), and two counts each of Indecent Assault under 18 Pa. C.S.A. §

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. (ECF Nos. 25, 26.)

3126(a)(7), Corruption of Minors under 18 Pa. C.S.A. § 6301(a)(1), and Indecent Assault under 18 Pa. C.S.A. § 3126(a)(1).  (ECF No. 16-1.)  All of the charges were held for court after a preliminary hearing.  (ECF No. 16-2.)

On October 1, 2010, an Information was filed in the Court of Common Pleas of Jefferson County, Pennsylvania.  (ECF No. 16-3.)  On January 10, 2011, Petitioner pled guilty to two counts each of Indecent Assault under 18 Pa. C.S.A. § 3126(a)(7) and Corruption of Minors under 18 Pa. C.S.A. § 6301(a)(1).  (ECF No. 16-4.)  On April 6, 2011, he was sentenced to a consecutive two-and-a-half to five year term of incarceration on each count of Indecent Assault and a consecutive five year term of probation on each count of Corruption of Minors, for a total aggregate sentence of five to ten years of incarceration to be followed by a ten year term of probation.  (ECF No. 16-5.)  Petitioner did not appeal from his judgment of sentence.  (ECF No. 16-6.)

On December 5, 2011, Petitioner filed a petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA").  (ECF No. 16-7.)  Counsel was appointed for Petitioner, and, on July 19, 2012, with Petitioner's consent, counsel filed a "Motion to Withdraw Post Conviction Collateral Relief Petition," which the Court granted that same day.  (ECF Nos. 16-6 & 16-8, p.9.)  Over the next eight years, Petitioner filed eight more PCRA petitions, all of which were dismissed.  (ECF Nos. 16-8, 16-9, 16-10, 16-11, 16-12, 16-13, 16-14, 16-15.)  Petitioner also filed a number of miscellaneous motions over that time, which were denied.  (ECF Nos. 16-16, 16-17, 16-18, 16-19, 16-20.)

Petitioner filed the instant Petition in this Court on October 2, 2018.[2] (ECF Nos. 1, 10.) On February 27, 2020, Respondents filed a Motion to Dismiss the Petition. (ECF No. 16.)

### B. Petitioner's Claims

Although it is not entirely clear, Petitioner appears to raise four claims for relief in his Petition. First, he argues that his guilty plea was invalid because he was overmedicated by "psychology staff" at the jail. Second, he presumably argues that his defense attorneys were ineffective. Third, he argues that the trial judge interfered with the plea process and used his family to coerce him into pleading guilty. Fourth, he argues that the police ignored his request for an attorney during the interrogation and coerced him into confessing.

### C. AEDPA Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period for state prisoners seeking federal habeas review. It is codified at 28 U.S.C. § 2244(d) and it provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] This is the filing date pursuant to the prisoner mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988).

      (D)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

  (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

The statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis. Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004), *cert denied*, 543 U.S. 1067 (2005). In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger date" for the one-year limitations period pursuant to section 2244(d)(1). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

All of the claims raised by Petitioner in his Petition concern matters which occurred at or before he entered his guilty plea. The claims are not based on newly enunciated constitutional rights and are not based on facts that were discovered at a later date. Furthermore, Petitioner does not argue that there was a state-created impediment that prevented him from raising the claims in a timely filed petition. Consequently, the "trigger date" for Petitioner's one-year limitations period is the date on which his judgment of sentence became final, which, in this case, was the last day Petitioner had to file an appeal from his judgment of sentence to the Superior Court of Pennsylvania. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (noting

that a judgment becomes "final" at the conclusion of direct review or the expiration of time for seeking such review).

In this case, Petitioner's judgement of sentence became final on May 6, 2011, thirty days after he was sentenced.  This was the last day that he had to file an appeal to the Pennsylvania Superior Court.  Thus, absent any tolling for "properly filed" applications for post-conviction relief, Petitioner had until May 6, 2012 to file a timely federal habeas petition challenging his judgment of sentence.  Since the Petition in this case was filed on October 2, 2018, over six years later, the Court must next determine whether Petitioner can take advantage of the tolling provision in section 2244(d)(2).

Section 2244(d)(2) provides that the one-year limitations period is tolled during the pendency of a "properly filed" state post-conviction proceeding.  Petitioner filed his first PCRA petition on December 5, 2011, at which time 212 days of his one-year limitations period had expired (May 7, 2011 thru December 4, 2011).  Those proceeding were "properly filed," and, as such, the statute of limitations was tolled until they concluded on July 19, 2012, the day the court granted Petitioner's "Motion to Withdraw Post Conviction Collateral Relief Petition."  The statute of limitations started to run again the following day (July 20, 2012), and, at that point in time, Petitioner had 153 days (365-212=153) remaining to file a timely federal habeas petition, or until December 19, 2012.  As previously noted, he did not file his Petition in this case until October 2, 2018, well after the statute of limitations expired on December 19, 2012.

It is noted that Petitioner filed eight more PCRA petitions in his criminal case, the second one being filed on August 20, 2012 before the deadline to file his federal habeas petition expired on December 19, 2012.  However, that second PCRA petition was dismissed as untimely under the PCRA's one-year statute of limitations.  (ECF No. 16-8.)  Accordingly, it was not "properly

5

filed" within the meaning of section 2244(d)(2), *see* Artuz v. Bennett, 121 S. Ct. 361, 364 (2000) (An application for state post-conviction relief or collateral review is "properly filed" as required to toll AEDPA's statute of limitations period for filing a federal habeas petition "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings[,]" notwithstanding the substance or merits of the claims contained within the application itself. These "applicable laws and rules governing filings" usually prescribe "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee . . . ."), and the time during which it was pending does not toll the statute of limitations for these federal habeas proceedings. *See* Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (a federal court is bound by a state court's finding that a petitioner's PCRA petition was untimely, even where the petitioner sought to pursue his PCRA petition under a statutory exception to the PCRA's time bar, and an untimely PCRA petition is not "properly filed" and therefore does not toll AEDPA's statute of limitations).

Having failed to meet AEDPA's one-year statute of limitations, the Petition can only be saved by the application of equitable tolling or the Supreme Court's recognized fundamental miscarriage of justice exception. *See* Holland v. Florida, 560 U.S. 631 (2010); *see also* McQuggin v. Perkins, 569 U.S. 383 (2013). Petitioner, however, has failed to put forth any viable argument as to the proper application of either doctrine. As such, the Petition in this case is time-barred and the Court will therefore grant Respondents' Motion to Dismiss seeking its dismissal.[3]

---

[3] The Court notes that even if the Petition was timely filed, which it was not, all of the claims in it are also subject to dismissal because they are procedurally defaulted for substantially the reasons argued by the Respondents in their Motion to Dismiss.

**D.** **Certificate of Appealability**

A court should issue a certificate of appealability where a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner has not made the requisite showing in this case. Accordingly, a certificate of appealability will be denied. A separate Order will issue.

Dated: June 29, 2020.

_____
Lisa Pupo Lenihan
United States Magistrate Judge


Cc: Joshua Herbert Westover
    JZ-2060
    SCI Fayette
    48 Overbrook Drive
    LaBelle, PA  15450-0999

    Counsel of Record
    (*via CM/ECF electronic mail*)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA HERBERT WESTOVER, | ) | |
| | ) | Civil Action No. 18 – 1328 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| MARK CAPOZZA and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | ) ) ) | |
| | ) | |
| Respondents. | ) ) | |

**ORDER**

**AND NOW**, this 29th day of June, 2020;

**IT IS HEREBY ORDERED** that Respondents' Motion to Dismiss (ECF No. 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (ECF No. 10) is **DISMISSED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is denied.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment in favor of Respondents and mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

Lisa Pupo Lenihan
United States Magistrate Judge